CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

October 30, 2025
LAURA A. AUSTIN, CLERK
BY:
s/A. Beeson
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| TROY WHITEHEAD, | ) | |
|     Petitioner, | ) | Civil Action No. 7:25cv00588 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| CHADWICK DOTSON,[1] | ) | By:  Robert S. Ballou |
|     Respondent. | ) | United States District Judge |

Troy Whitehead, a Virginia inmate proceeding *pro se*, has filed an Amended Petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention by Scott County on the grounds that his continued detention violates the speedy trial provisions of the United States Constitution, the Virginia Constitution, and Virginia Code § 19.2-243; he further alleges that the case against him has no merit and that the officer stopped him without reasonable suspicion.  Because he has failed to exhaust state court remedies, I will dismiss his petition.

Federal habeas corpus relief is usually a postconviction remedy.  Pretrial habeas relief is available under § 2241 if the petitioner is in custody, has exhausted his state court remedies, and extraordinary circumstances are present.  *Moore v. DeYoung*, 515 F.2d 437, 443 (3d Cir. 1975).  Despite the absence of a statutory exhaustion requirement for § 2441 petitions, federal caselaw has recognized an exhaustion requirement, based on principles of federalism and comity, to give state courts the first opportunity to address the merits of constitutional claims.  *Id*. at 442; *Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005).

---

[1] Under Rule 2(a) of the Rules Governing Section 2254 Cases, if the petitioner is in custody pursuant to a state court judgment, the respondent in a habeas petition shall be the state officer who has custody.  That officer is Chadwick Dotson, Director of the Virginia Department of Corrections.  Chadwick Dotson shall be named as the respondent, and the Clerk shall update the docket accordingly.

To exhaust his state remedies, Whitehead must properly present his claims to the highest state court with jurisdiction to consider them on the merits. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). In this case the highest state court would be the Supreme Court of Virginia.

Properly presenting his claims means following the procedural requirements of the state's courts, giving the state system a full and fair opportunity to consider his claims at each level. *Id.* In Virginia criminal cases, only final judgments of the trial court may be appealed. *West v. Commonwealth*, 455 S.E.2d 1, 1–2 (Va. 1995). Rulings adverse to the defendant on pretrial motions must be objected to and preserved to raise once the trial court enters final judgment in the case. Sending a letter to the appeals court before trial, complaining that speedy trial rights are being violated, is not properly presenting the claim. Filing claims in federal district court and with the Fourth Circuit Court of Appeals is not exhausting *state* remedies.[2]

The state of Virginia provides ample opportunity for Whitehead to litigate his constitutional speedy trial challenge, his Fourth Amendment challenge to the officer's stop, and to have a trial before conviction of a crime. Whitehead alleged that he has already taken advantage of the opportunity to file a speedy trial motion in the circuit court, which was denied. He has the option to file a motion to suppress evidence obtained during an unlawful stop, if he believes that there was no legal basis for the officer to stop him. If none of his motions prevail, he has the right to a trial to make the state prove its case in a criminal charge. Once the circuit court enters its final judgment in the case, Whitehead will then be able to appeal the trial court's

---

[2] In his initial Petition, Whitehead indicated that he had not appealed the Circuit Court's denial of his speedy trial motion, which of course, he could not do while the case was still awaiting trial. In his Amended Petition, he indicated that he had appealed to this District Court on August 18, 2025. (The original § 2241 Petition was postmarked August 20, 2025, and received on August 22, 2025; that and the subsequent Amended Petition are the only pleadings this court has received challenging his continued detention.) Second, he said he appealed to the Fourth Circuit Court of Appeals but gave no date. There is no direct appeal to the federal court from the state circuit court; listing his correspondence with federal courts as "appeals" is incorrect, and such communications do not represent exhaustion of his state remedies.

decisions through the normal appellate avenues, and he can raise constitutional issues in a state habeas petition, if need be, if the issues could not be raised on direct appeal.  He must take advantage of these available state remedies before he can invoke the jurisdiction of this court. Having failed to do so, he has not exhausted his remedies.

Nor has Whitehead shown the existence of the extraordinary circumstances required before pretrial federal habeas can be considered.  Such circumstances require a showing that a petitioner's rights cannot be protected without pretrial intervention.  *Brazell v. Boyd*, 991 F.2d 787, 1993 WL 98778, at \*2 (4th Cir. 1993) (unpublished) (citing *Moore*, 515 F.2d at 449).  A pretrial speedy trial claim is not such a circumstance because orderly post-trial release can adequately protect petitioner's rights.  *Id.*; *see also Dickerson v. Louisiana*, 816 F.2d 220, 225– 226 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987).

Because Whitehead has failed to exhaust his claims, I will dismiss his petition without prejudice to his ability to file one at the proper time.  An appropriate order will be entered this date.

Enter:  October 29, 2025

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge